IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEREK JAY MITCHELL, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KILOLO KIJAKAZI, ) <br>   Acting Commissioner of the ) <br>   Social Security Administration, ) <br> ) <br>    Defendant. ) | Case No. CIV-22-753-P |

## ORDER

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant denying his application for disability insurance benefits ("DBI") benefits under Title II of the Social Security Act, 42 U.S.C. § 423. Defendant has answered the Complaint and filed the administrative record (hereinafter AR___), and the parties have briefed the issues. For the following reasons, Defendant's decision is affirmed.

I. Administrative History and Final Agency Decision

Plaintiff initially filed an application for DIB on April 23, 2020, alleging disability since September 15, 2019. AR 17. The Social Security Administration denied Plaintiff's application initially and on reconsideration. *Id.*

Plaintiff, appearing with a non-attorney representative, and a vocational expert ("VE") testified at a telephonic administrative hearing conducted before an

1

administrative law judge ("ALJ") on November 17, 2021. AR 36-57. On December 23, 2021, the ALJ issued a decision in which he found Plaintiff had not been disabled within the meaning of the Social Security Act at any time from September 15, 2019, the alleged onset date, through date of the decision. AR 14-31.

Following the agency's sequential evaluation procedure, the ALJ found at the first step that Plaintiff had not engaged in substantial gainful activity since September 15, 2019, the alleged disability onset date. AR 19. At the second step, the ALJ found Plaintiff had the following severe impairments: "essential hypertension; obesity; depressive, bipolar and related disorder; and trauma and stressor related disorders." *Id.* At the third step, the ALJ found these impairments were not *per se* disabling as Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of a listed impairment. *Id.*

At step four, the ALJ found, relevant to this appeal, that Plaintiff had the residual functional capacity ("RFC") to perform less than a full range of sedentary work due to, *inter alia*, a limitation to perform only one and two step tasks. AR 22. The ALJ presented the RFC limitations to the VE to determine whether there were jobs in the national economy Plaintiff could perform. AR 55-56. Given the limitations, the VE determined Plaintiff could not perform any of his past relevant work, but identified three jobs from the Dictionary of Occupational Titles that Plaintiff could perform. *Id.* The ALJ ultimately adopted the VE's testimony and

concluded, at step five, that Plaintiff was not disabled based on his ability to perform the identified jobs. AR 29-30.

II. Issue Raised

On appeal, Plaintiff contends the ALJ erred at step five of the sequential evaluation process because the jobs the ALJ found Plaintiff could perform conflict with the RFC limiting him to one to two step tasks. Doc. No. 17 ("Op. Br.") at 6-7.[1]

III. General Legal Standards Guiding Judicial Review

Judicial review of Defendant's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, __ U.S. __, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record."

---

[1] Initially, Plaintiff also asserted that the ALJ erred at step five by not considering his borderline age. Op. Br. at 4-5. However, in his Reply, Plaintiff withdrew this argument. Doc. No. 22 at 1.

*Wall v. Astrue*, 561 F.3d 1048 1052 (10th Cir. 2009) (citations, quotations, and brackets omitted). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* (citations omitted). While a court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, a court does not reweigh the evidence or substitute its own judgment for that of Defendant. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

IV.   Analysis

As previously explained, the ALJ determined that Plaintiff could perform jobs that included one to two step tasks. AR 22. During the administrative hearing, he included this limitation in the hypothetical presented to the VE. AR 55-56. The VE testified there were three jobs, including final assembler, table worker, and buckler lacer, existing in substantial numbers in the national economy that Plaintiff could perform. AR 29-30, 55-56.

Plaintiff explains that each of these jobs require a reasoning level of 1 and as such, conflict with the RFC limitation to one to two step tasks. In so arguing, Plaintiff relies on *Coleman v. Astrue*, No. 09–1338–SAC, 2010 WL 4942103 (D. Kan. Nov. 30, 2010). Op. Br. at 6-7. A review of the *Coleman* decision reveals Plaintiff's reliance is misplaced.

Citing *Coleman*, Plaintiff asserts that "[c]ases have been found that the limitation to one- to two-step tasks means that one is confined to a sheltered workshop position," thereby precluding all competitive employment. Op. Br. at 6. However, the court in *Coleman* did not reach such a holding. Instead, as a later court explained, "In *Coleman*, the ALJ asked the vocational expert if all work would be precluded for a hypothetical claimant if the ALJ found that there was a limitation to one to two-step *occupations*. The expert responded, 'Yes, sir. That would be considered sheltered work. That would not be, generally speaking, competitive work like three or four step.'" *Weaver v. Astrue*, No. 11–1376–JWL, 2012 WL 5412370, at *9 (D. Kan. Nov. 6, 2012) (emphasis added) (quoting *Coleman*, 2010 WL 4942103, at *3). In rejecting an argument similar to that presented herein, the court in *Weaver* stated,

> As Plaintiff acknowledges, Dr. Freeman found that Plaintiff was generally limited to one to two-step <u>instructions</u>. The object being discussed in *Coleman* was one to two-step <u>occupations</u>. These are not the same thing. An "occupation" is not an "instruction," or vice versa, and Plaintiff makes no attempt to explain the differences or to explain how testimony in another case relating to one to two-step occupations should be applied in this case to a general limitation to one to two-step instructions.

*Weaver*, 2012 WL 5412370, at *9.

Similarly, in *Suzanne I. v. Saul*, No. 19-1213-JWL, 2020 WL 2747184 (D. Kan. May 27, 2020), the court explained,

5

> [T]he [] ALJ in *Coleman* was unclear in his consideration and apparently confused the doctor's opinion that the plaintiff was able to 'understand, remember and carry out simple one or two-step instructions' with his question to the VE regarding 'a limitation to one or two-step occupations,' leaving it unclear what was being addressed." [] [W]ere the court to accept the VE's testimony from *Coleman* an ability to follow only one to two step instructions would not limit such an individual to performance of only reasoning level one jobs, it would be sheltered work and would preclude all competitive employment. . . . [P]erhaps most importantly, as pointed out by the Commissioner, VE testimony in one case is based upon the specific facts, circumstances, vocational characteristics, and work-related abilities presented to the VE in that case and relates in only the most general way to a different case.

*Id.* at *6.[2] The same reasoning applies in the present case.

In his Reply, Plaintiff states that the difference between instruction and occupation is a distinction without a difference. Doc. No. 22 at 2. The defect in Plaintiff's position, however, is illustrated by the fact that it would mandate a bright line rule that when a plaintiff is limited to one to two step tasks, he is inherently disabled. Surely, neither the Tenth Circuit nor district courts within the same have issued such a holding. *See Shelton v. Colvin*, 663 F. App'x 690, 692-94, 696 (10th Cir. 2016) (affirming a decision in which the RFC included a limitation to one to two step tasks and the ALJ's found the plaintiff could perform jobs existing in significant numbers in the national economy); *Foy v. Barnhart*, 139 F. App'x 39, 40,

---

[2] Inexplicably, in both his Opening Brief and Reply, Plaintiff cites to *Suzanne I.* as support for his position. Op. Br. at 6; Doc. No. 22 at 2.

6

44 (10th Cir. 2005) (affirming ALJ's decision in which he included a limitation to one to two step tasks in the RFC and found the plaintiff could perform jobs existing in significant numbers in the national economy); *Wilson v. Kijakazi*, No. CIV-21-103-SPS, 2022 WL 3043645, at *2, 6 (E.D. Okla. Aug. 1, 2022) (same); *Espinosa v. Kijakazi*, No. CIV-20-1048-P, 2021 WL 5280968, at *1, 5 (W.D. Okla. Nov. 12, 2021) (same); *Shelton v. Colvin*, No. CIV–14–575–M, 2015 WL 5569024, at *1-2, 17 (W.D. Okla. Aug. 24, 2015) (same). Accordingly, Plaintiff's assertion of error is denied.

V.   Conclusion

Based on the foregoing analysis, the decision of Defendant is affirmed. Judgment will issue accordingly.

ENTERED this  16th  day of August, 2023.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE